IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DARLENE O. LOPEZ,**

      Plaintiff,

vs.                                             Civ. No. 04-980 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Agency Decision filed January 18, 2005. Docket No. 12. The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the Motion is well taken in part.

**I.  PROCEDURAL RECORD**

Plaintiff, Darlene O. Lopez, applied for Supplemental Security Income benefits on March 14, 2002. Plaintiff alleged she became disabled on November 1, 2000 due to pain and the inability to stand for any length of time. Tr. 44, 54. The ALJ held an administrative hearing on October 17, 2003. The Plaintiff was not represented at the hearing. On December 15, 2003, the ALJ found that Plaintiff had a residual functional capacity ("RFC") for at least sedentary work. Tr. 19. The ALJ applied the Grids[1] which directed a finding of not disabled. The Appeals Council denied Plaintiff's

---

[1] The Medical-Vocational Guidelines ("Grids") are used at step five to determine whether a disability exists.  20 C.F.R

1

request for review. Tr. 2. The Plaintiff subsequently filed her Complaint for review of the ALJ's decision on August 31, 2004.

Plaintiff was born on February 19, 1970. Tr. 89. She has an eighth grade education and training as a nurse's aide. Tr. 136.

## II. STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992); Glenn v. Shalala, 21 F.3d 983 (10th Cir. 1994). To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a mere scintilla, but it need not be a preponderance. Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992); Sisco v. United States Dep't. of Health & Human Servs., 10 F.3d 739, 741 (1993). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. See 42 U.S.C.

---

```
Part 404, Subpt. P. App.2. The Grids reflect the existence of jobs
in the national economy at various residual functional capacity
levels by incorporating administrative notice of occupational
publications and studies.  20 C.F.R. §§ 404.1566(d); 416.966(d).
The Grids assume that the claimant's sole limitation is lack of
strength; i.e. an exertional impairment.  20 C.F.R. Part 404.,
Subpt. P. App.2, § 200(e)(2).
```

§423(d)(1)(A); see also Thompson, 987 F.2d at 1486.  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  20 C.F.R. § 404.1520(a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled.  See Thompson, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past.  20 C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience.  Id.

### III.  MEDICAL HISTORY

At the age of ten, Plaintiff was pinned between two cars.  Tr. 104.  She had surgery to repair her posterior cruciate ligament, which included placement of a screw in her right knee.  In September of 2000, Plaintiff went to Brian Robinson, M.D. because of pain in her right knee.  Id.  He found that Plaintiff had "chronic ACL insufficiency and posterior lateral complex injury."  Id.  Dr. Robinson recommended physical therapy.  Plaintiff had difficulty attending the sessions.  In November of 2001, Plaintiff did attend some physical therapy treatments and reported improvement in her strength.  She also utilized a brace which kept her knee stable.  Tr. 100.

In April of 2002, Plaintiff saw Edward R. Sweetser, M.D. for right knee pain.  Tr. 111.  He found that she had internal derangement of her right knee and subluxation of her right tibia fibular

joint. Tr. 112. He recommended that Plaintiff undergo an arthroscopic procedure of the knee which was performed on May 8, 2002. Tr. 109. After the surgery, Plaintiff reported no significant pain in her knee. Tr. 108.

There are no additional records indicating Plaintiff received any further treatment on her right knee.

## IV. DISCUSSION

Plaintiff asserts that the ALJ erred in failing to develop the record and that the ALJ's RFC and pain findings are not supported by the evidence. Because the ALJ's error in not developing the record requires a remand, the Court will not address Plaintiff's second argument.

The ALJ has a duty to develop an adequate record relevant to the issues raised. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). Specifically, the duty to develop the record extends to impairments which may come to the ALJ attention during the administrative hearing. Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). "This duty is especially strong in the case of an unrepresented claimant." Carter 73 F.3d at 1021.

There is sufficient information in the record to suggest a reasonable possibility of a "severe" mental impairment requiring further investigation. Plaintiff wrote on the Daily Activities Section of a form she completed in the disability application process that she was anxious, depressed and had panic attacks. Tr. 86, 88. In a Disability Report completed by the Plaintiff on March 7, 2002, Plaintiff listed her medications including Risperale (sic) and Zoloft for depression and anxiety. Tr. 59. In that same form she indicated that she had gone to Border Area Mental Health for "counseling for depression, & anxiety, & social disorder." Tr. 60. In the Reconsideration Disability Report completed by the Plaintiff on August 9, 2002, Plaintiff wrote that she was "stressed out." Tr. 66.

Plaintiff testified at the hearing that she had received treatment at the Border Area Mental Health Center. Tr. 148  She told the ALJ that she had been prescribed Paxil, Risperdal and Zoloft. Tr. 149. She told the ALJ at the hearing that she was anxious and nervous around people. Id.  Clearly, the issue of a mental impairment was raised in the record and in the administrative hearing.

At the administrative hearing the ALJ has a duty to inquire as to Plaintiff's impairments, treatment and medication and the impact of the alleged impairment on her daily routine and activities.  Musgrave v. Sullivan, 966 F.2d 1371, 1375.  A review of the transcript of the hearing shows that the ALJ failed to ask sufficient questions to fulfill his duty to develop the record.

> Q    Now, when you were doing the work as a waitress – I know it wasn't for any significant amount of time – or when you go to the store or whatever, you don't have problems getting along with people, do you?
> A    Oh no. I didn't before and now that all this has happened, I have – I went to Border Area.  I was seeing a lady there.
> Q    Um-hum.
> A    And I starting taking Paxil and that didn't help, so they put me on Risperdal and Zoloft for –
> Q    um-hum.
> A    --I get like anxious and –
> Q    Um-hum.
> A    – anxiety problems or get nervous around people and –
> Q    But you're not taking that now?
> A    I can't. I –
> Q    Okay.
> A    – couldn't afford to go anymore.

Tr. 149.

The ALJ also has the duty to develop the record "by obtaining pertinent, available medical records which come to his attention during the course of the hearing." *Carter*, 73 F.3d at 1022.  The ALJ did not obtain Plaintiff's records from Border Area Mental Health Services where Plaintiff was treated from March of 2001 to May of 2003.  A review of these records attached to Plaintiff's

5

memorandum brief demonstrates that the records are relevant.[2] The records show that Plaintiff was prescribed Paxil, Zoloft and Resperdil. Exhibit A, Medication Sheet. The records show that Plaintiff was nervous around people, cries all the time and felt depressed. Id., June 4, 2001. The records show that in February of 2003 Plaintiff had a GAF of 58[3]. Id., February 11, 2003. The records also show that her father was a schizophrenic and was violent. Id., February, 1, 2003.

On remand, the ALJ should consider ordering a consultative evaluation. The statute provides:

(h) Evaluation of mental impairments by qualified medical professionals.
An initial determination under subsection (a), (c), (g), or (i) of this section that an individual is not under a disability, in any case where there is evidence which indicates the existence of mental impairment, shall be made only if the Commissioner of Social Security has made every reasonable effort to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any application residual functional capacity assessment.

42 U.S.C. § 421(h) (quoted in Patton v. Massanari, 20 Fed. Appx. 788, 794, 2001 WL 1173271 (10th Cir. 2001).

For all the foregoing reasons, this matter will be remanded and the Commissioner is directed

---

[2] Defendant's argument that the ALJ is only required to develop the record for the twelve months proceeding the date of application is without merit. The statute statute that the Commission "shall develop a complete medical history of *at least* the preceding twelve month..." 42 U.S.C. § 423(d)(5)(B) (emphasis added); Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004 ("...even if a doctor's medical observations regarding a claimant's allegations of disability date from earlier, previously adjudicated periods, the doctor's observations are nevertheless relevant to the claimant's medical history and should be considered by the ALJ.")

[3] The Global Assessment of Functioning ("GAF") is "the clinician's judgment of the individual's overall level of functioning." Diagnostic and Statistical Manual of Mental Disorders DMS-IV, 4th ed., 1994. Fifty-eight indicates moderate symptoms or moderate difficulty in social, occupational or school functioning.

to further develop the record as to any mental impairment and then make a determination as to Plaintiff's ability to perform substantial gainful activity.

      **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Decision is granted for proceedings consistent with this memorandum opinion and order.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**